Lewis E. ZORN, suing individually, and as representative of all other shareholders of the Exchange Fund of Boston, Inc., and derivatively on behalf of himself and all other shareholders of the Exchange Fund of Boston, Inc., in the right and for the benefit of the Exchange Fund of Boston, Inc., Plaintiff,

v.

O. Kelly ANDERSON et al., Defendants.

No. 66 Civ. 1905.

United States District Court
S. D. New York.

Jan. 10, 1968.

See also D.C., 263 F.Supp. 745.

Migdal, Low, Tenney & Glass, New York City, for plaintiff; David Y. Handelman, New York City, of counsel.

Sullivan & Cromwell, New York City, for Vance, Sanders & Co., Inc. and the individual defendants; Marvin Schwartz, Michael M. Maney, and Richard E. Carlton, New York City, of counsel.

MANSFIELD, District Judge.

This is a suit by a shareholder of The Exchange Fund of Boston, Inc. ("Exchange Fund" herein), a mutual fund commonly referred to as a "swap fund" which is registered as an investment company under the Investment Company Act of 1940, against various of its directors and Vance, Sanders & Company, Inc. ("Vance, Sanders" herein), its investment advisors and portfolio management, charging fraud based on the defendants' alleged misstatements and omissions in a prospectus and proxy statement material with respect to services rendered by Vance, Sanders and the management and service fees paid by the Exchange Fund to it. Defendants are alleged to have concealed the fact that Vance, Sanders rendered substantial

duplicative services to four other mutual funds controlled by it which had substantially similar portfolios, resulting in unconscionably large fees and profits to Vance, Sanders. The four other funds are Capital Exchange Fund, Inc., Depositors Fund of Boston, Inc., Diversification Fund, Inc. and Fiduciary Exchange Fund.

Plaintiff seeks information from Vance, Sanders, by way of a motion under Rule 34, F.R.Civ.P. and Rule 33 interrogatories to which Vance, Sanders objects, with respect to monthly portfolio changes and annual and semi-annual portfolio statements for each of the five funds, and written materials distributed by Vance, Sanders in which sales methods and information with respect to mutual fund shares by securities dealers were set forth and copies of any outline, speech or script used for oral presentations given by employees of Vance, Sanders to securities dealers with respect to sales methods and information for sale of mutual funds.

The information as to portfolio changes is desired in support of plaintiff's charge that the funds and the advisory services rendered by Vance, Sanders with respect to each of them were substantially duplicative. Plaintiff claims that approximately $1,800,000 was paid during the year 1966–1967 by the five funds to Vance, Sanders for its advisory and management services, of which almost $400,000 was paid by the Exchange Fund, and that since the funds and services were substantially duplicative, these fees were grossly excessive.

Each fund issues an annual and semi-annual report setting forth its portfolio and Vance, Sanders' counsel advises that these reports have already been furnished to the plaintiff for each of the five funds. Plaintiff, however, asserts that since each of the funds has a different fiscal year from the others, the information is not susceptible of a meaningful comparison for the purposes indicated unless it can obtain the portfolios for approximately the same dates for each year. Vance, Sanders replies that to try to prepare the information in audited form would be burdensome and costly. On the other hand, it appears that Vance, Sanders already has unaudited monthly statements of the portfolio for each fund which, if furnished to the plaintiff, would enable it to make a comparison on approximately the same dates.

■ Since the monthly statements appear likely to contain information that may lead to relevant and probative evidence on the issues, good cause exists for their production, Accordingly, to the extent that annual, semi-annual and monthly portfolio statements in the possession or control of Vance, Sanders, whether or not audited, have not already been furnished to the plaintiff, the defendant Vance, Sanders is directed to furnish copies to the plaintiff for each of the five funds for the period of its existence up to July 1967.

■ In view of the claim that prospectus and proxy material contained false and misleading statements and omissions with respect to the services rendered by Vance, Sanders to the Exchange Fund, Vance, Sanders is also directed to furnish to the plaintiff copies of any written material distributed by it setting forth sales methods and information for the sale of shares of the Exchange Fund of Boston, Inc. only, and of any information, whether in the form of an outline, speech or script material, used or to be used by its employees in making representations to securities dealers with respect to the sale of shares of the Exchange Fund of Boston, Inc.

Except to the extent granted above, plaintiff's Rule 34 motion is denied and Vance, Sanders' objections to interrogatories are sustained.

Settle order.